IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE RICKETTS & ALBERT | : | |
| RICKETTS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-7585 |
| WAL-MART STORES EAST, LP | : | |

**SURRICK, J.**                                                                                    **JUNE  3 , 2014**

**<u>MEMORANDUM</u>**

Presently before the Court is the Motion to Remand of Plaintiffs Janice Ricketts and

Albert Ricketts (ECF No. 3).  For the following reasons, Plaintiffs' Motion will be granted.

**I.        BACKGROUND**

On October 22, 2013, Plaintiffs Janice Ricketts ("Janice") and Albert Ricketts ("Albert")

filed a Complaint in the Court of Common Pleas of Philadelphia County against Defendant Wal-

Mart Stores East, LP ("Wal-Mart"), alleging negligence in the displaying and storing of their flat

screen televisions and loss of consortium.  *Ricketts v. Wal-Mart Stores, Inc.*, Civ. A. No. 001944

(Pa. Ct. Com. Pl., filed Oct. 22, 2013).[1]  On July 23, 2012, Plaintiffs, Philadelphia residents,

were shopping for a flat screen television at one of Defendant's stores located in Philadelphia.

(Compl. ¶¶ 1-4, Notice of Removal Ex. A, ECF No. 1.)  Janice alleges that while she was

standing in front of an area where flat screen televisions were displayed and stored, a flat screen

television fell and struck her foot.  (*Id.* at ¶¶ 5, 6.)  Plaintiffs claim that Defendant was careless,

reckless, and negligent in the way they had displayed and secured their flat screen televisions and

should have known of this condition.  (*Id.* at ¶ 9.)  Janice alleges that she suffered serious and

---

[1] The parties subsequently stipulated to amend the Complaint and caption to name the proper Wal-Mart entity, Wal-Mart Stores East, LP.  (Notice of Removal Ex B., ECF No. 1.)

severe personal injuries, including but not limited to, a fracture of the medial base of the right

first distal phalanx and severe shock to her nerves and nervous system.  (*Id.* at ¶ 10.)  Janice also

alleges that she has been rendered sick, sore, lame and/or disabled, and as a result, has suffered

and will continue to suffer for an indefinite time in the future.  (*Id.*)  Albert claims that, as the

husband of Janice, he has suffered a loss of consortium and great interference with his personal

and marital life and affairs.  (*Id.* at ¶ 19.)  Plaintiffs brought this action to recover from

Defendant, an amount not in excess of $50,000 in damages, plus interest and costs.  (*Id.*)

On November 8, 2013, Defendant filed an answer to Plaintiffs' Complaint with new

matter, asserting that the recoverable damages are not in excess of $50,000, and are not in excess

of $75,000.  (Def.'s Answer, Notice of Removal Ex. C.)  On November 25, 2013, Plaintiffs filed

an answer to the new matter asserting that no response was required to Defendant's averment

about damages because it was a legal conclusion.  (Pls.' Answer to New Matter, Notice of

Removal Ex. D.)  On December 26, 2013, Defendant filed a Notice of Removal to this Court

based upon diversity jurisdiction pursuant to 28 U.S.C. § 1441(a) & (b).  (Notice of Removal.)

On January 24, 2014, Plaintiffs filed the instant Motion to Remand.  (Pls.' Mot., ECF No.

3.)  On February 7, 2014, Defendants filed a response to the Motion.  (Def.'s Resp., ECF No. 4.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), any civil action brought in a state court where a district court

has original jurisdiction may be removed by a defendant to a federal district court.  28 U.S.C. §

1441(a).  To remove a lawsuit filed in a state court to a federal district court, a defendant must

file a notice of removal within 30 days of the date a plaintiff serves the defendant with a copy of

the original pleading or complaint.  28 U.S.C. § 1446(b)(1).  However, if the case stated in the

initial pleading is not removable,

> a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy does not need to be stated in the initial pleading to trigger the running of the 30-day period for removal under 28 U.S.C. § 1446(b). "Rather, the 30-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." *Johnson v. Tesla Motors, Inc.*, No. 13-5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013) (citing *Judge v. Phila. Premium Outlets*, No. 10-1553, 2010 WL 2376122, at *2 (E.D. Pa. June 8, 2010)). The removal statute further states that when the case is not removable based on the initial pleading because the amount in controversy does not exceed the jurisdictional minimum, information relating to that amount in the record of the state proceeding or in discovery responses must be treated as "other paper." 28 U.S.C. § 1446(c)(3)(A).

A case removed to federal court may be remanded to state court if at any time before the final judgment, it appears that the district court lacks subject matter jurisdiction or a defect is found in the removal process. *See Tellado v. Roto-Die, Inc.*, No. 04-3382, 2005 WL 724094, at *1 (E.D. Pa. Mar. 29, 2005); *see also Judge*, 2010 WL 2376122, at *2 (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)); *Sigmapharm, Inc. v. Mutual Pharm. Co.*, No. 12-2522, 2013 WL 3717165, at *1 (E.D. Pa. July 16, 2013). The defendant as the moving party has the burden to show that federal jurisdiction exists. *See Tellado*, 2005 WL 724094, at *1 (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). Courts strictly

3

construe the removal statute, 28 U.S.C. § 1441, and any doubts about the propriety of removal are '"resolved in favor of remand."' *Cross v. Youth Advocate Programs, Inc.*, No. 06-3729, 2006 WL 3386704, at *1 (E.D. Pa. Nov. 20, 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

## III.    DISCUSSION

Plaintiffs assert that a remand is required because Defendant failed to file its notice of removal within 30 days of receiving a copy of the Complaint.  Plaintiffs filed their Complaint on October 26, 2013.  Defendant filed its Notice of Removal on December 26, 2013, well beyond 30 days after the Complaint was filed.  Defendant contends that its Notice of Removal was in fact timely because it was filed within 30 days of Plaintiff's answer to Defendant's new matter, when Defendant was first put on notice that the action was removable.  Defendant filed its answer and new matter on November 8, 2013, asserting that Plaintiffs' damages are limited to an amount not exceeding $50,000 or $75,000.  (Def.'s Answer ¶¶ 33, 34.)[2]  Plaintiffs filed their answer to new matter on November 25, 2013, asserting that "[t]his averment is a legal conclusion to which no response is required by the Pennsylvania Rules of Civil Procedure." (Pls.' Answer to New Matter ¶¶ 33, 34.)  Defendant argues that Plaintiffs' response constituted a denial as to whether the amount of recoverable damages was less than the jurisdictional threshold.  Defendant contends that Plaintiffs' denial, together with Plaintiffs' refusal to stipulate that the amount of damages is less than $75,000, triggered the 30-day period within which Defendant was required to file its notice of removal.

---

[2] Specifically, Defendant alleges in the new matter that "Plaintiffs' damages, if any, are limited to an amount not in excess of $50,000 . . . ," and "Plaintiffs' damages, if any, are limited to an amount not in excess of $75,000 . . . ."  (Def.'s Answer ¶¶ 33, 34.)

Defendant relies on *Alston v. Wal-Mart Stores East, L.P.*, No. 12-3491, 2012 U.S. Dist. LEXIS 135322 (E.D. Pa. Sept. 20, 2012), a case factually similar to this one, in support of its argument that the case is properly before this Court.  In *Alston*, the plaintiff filed a complaint asserting that damages were in excess of $50,000, the threshold amount above which a plaintiff in Pennsylvania state court may avoid compulsory arbitration.  *Id*. at *2.  The defendant filed an answer with new matter, averring that the plaintiff's damages were limited to an amount "not in excess of $75,000."  *Id*.  The plaintiff specifically denied this allegation in her response to the defendant's new matter.  The defendant's subsequent removal to federal court was well beyond the thirty-day period from the filing of the complaint; however, the defendant argued that the plaintiff's response denying the limit of damages was a "new paper" that triggered the tolling of the thirty days to remove the case.  *Id*. at *4-5.  The court agreed with the defendant and denied the plaintiff's motion to remand, finding that Plaintiff's general allegations of her injury coupled with her demand in excess of the arbitration amount did not put the defendant on notice that the amount in controversy exceeded $75,000.  *Id*. at *6.

Like *Alston*, Plaintiff's complaint did not, on its face, provide grounds for removal.  The Complaint states that the amount of damages does not exceed $50,000.  However, unlike *Alston*, Plaintiffs' answer to new matter did not constitute an "other paper" for purposes of 28 U.S.C. § 1446(b)(3).  Under § 1446(b)(3), the "other paper" must reveal for the first time to a defendant that a case satisfies federal jurisdiction and is removable.  Plaintiffs' answer to new matter did not do this.  In response to the averment that their damages did not exceed $75,000, Plaintiffs responded "[t]his averment is a legal conclusion to which no response is required by the Pennsylvania Rules of Civil Procedure."  (Pls.' Answer to New Matter ¶¶ 34-35.)  Defendant claims that this constitutes a denial under Rule 1029(d) of the Pennsylvania Rules of Civil

Procedure, which states that "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied."  Pa. R. Civ. P. 1029(d).  However, Plaintiffs were responding to a factual assertion—the amount of damages alleged, to which a response is required—and not a legal conclusion, to which no response is required.  *See* Pa. R. Civ. P. 1029(a) ("A responsive pleading shall admit or deny each averment of fact . . . ."); *see also Aircraft Guar. Corp. v. Strato-Lift, Inc*., 991 F. Supp. 735, 740 (E.D. Pa. 1998) (stating that the amount of damages suffered by the plaintiff was a question of fact); *Miller Oral Surgery, Inc. v. Dinello*, 611 A.2d 232, 236 (Pa. Super. Ct. 1992) ("The determination of damages is a factual issue . . . .").

Even if Plaintiffs' inartful response constituted a denial rather than an admission, it does not suggest that Plaintiffs' amount in controversy is any different than what they alleged in their Complaint—an amount not exceeding $50,000.  In other words, Defendant could not have reasonably and intelligently concluded based on Plaintiffs' response to new matter that the jurisdictional amount would be greater than $75,000.  Defendant's misjudgment about the effect of Plaintiffs' response to new matter is underscored by defense counsel's e-mail communications seeking clarification on the amount of damages claimed.  After Plaintiffs filed their answer to new matter, counsel for Defendant sent an e-mail to counsel for Plaintiffs, asking whether it was Plaintiffs' "position regarding the value of the case that it still falls within the arbitration limits of $50,000 or less."  (Pls.' Mot. Ex. A.)  Plaintiffs' counsel responded simply with a "yes."  (*Id*.)  Defense counsel also requested that Plaintiffs sign a stipulation limiting their damages to $75,000, and Plaintiffs refused.  However, a plaintiff's refusal to enter into a stipulation is not determinative as to the value of damages.  *See Martino v. Hartford Ins. Co. of Ill*., No. 14-1953, 2014 U.S. Dist. LEXIS 57066, at *8 (E.D. Pa. Apr. 24, 2014) (finding the plaintiff's refusal to

sign a stipulation insignificant and stating that "[t]he lack of stipulation does not undermine the limited damages apparent in Plaintiff's complaint"); *see also Menard v. Hewlett Packard Co.*, No. 12-3570, 2012 U.S. Dist. LEXIS 100382, at *9-10 (E.D. Pa. July 19, 2012) ("Defendants read too much into this unsigned stipulation . . . a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry [as to whether remand is appropriate]."). Defendant's notice of removal was therefore untimely.

In addition, Defendant has failed to meet its burden in establishing "that the amount in controversy actually concerns and/or exceeds the statutory minimum amount." *Howard v. Wal-Mart Supercenter*, No. 09-4530, 2009 U.S. Dist. LEXIS 112078, at *8 n.1 (E.D. Pa. Dec. 1, 2009). When a plaintiff has not expressly limited damages to an amount less than the jurisdictional amount, then a case must be remanded "if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000." *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 4 (E.D. Pa. 2006) (emphasis in original); *see also Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007). However, when a plaintiff does "expressly limit her claim below the jurisdictional amount," as Plaintiffs did here, the defendant, as the proponent of federal jurisdiction, is held to a higher burden. *Frederico*, 507 F.3d at 196. In these situations, a defendant seeking to keep the case in federal court "must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold." *Id.* (emphasis in original).

Counsel for Plaintiffs, despite refusing to stipulate, has repeatedly advised counsel for Defendant that the amount in controversy does not exceed $50,000, let alone satisfy the federal jurisdictional threshold of $75,000. (*See* Pls.' Mot Ex. A (stating that the value of the case still falls within the arbitration limits of $50,000).) In their Motion to Remand, Plaintiffs again

reiterate that the amount of damages claimed has not changed since the day their Complaint was filed.  (*See* Pls.' Mot. 6 ("As stated in their Complaint, Plaintiffs' damages were less than $50,000 . . . and remain less than $50,000 today.").)  In addition, Plaintiffs' allegations of injuries, which include a toe fracture, shock to the nervous system, and interference with marital affairs, do not establish to a legal certainly that the amount in controversy exceeds $75,000.  (*See* Compl. ¶¶ 12, 19.)  Accordingly, Defendant has not met its burden in establishing that this Court has jurisdiction over this matter.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand will be granted, and the case will be remanded back to the Court of Common Pleas for the County of Philadelphia.

An appropriate Order will follow.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**